IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| LAWANDA JARRETT, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| MARTIN O'MALLEY, Commissioner, | * | No. 4:23-cv-01113-JJV |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Lawanda Jarrett, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted briefs, and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I

find the Commissioner's decision is not supported by substantial evidence and this matter should be REVERSED and REMANDED for further development of the record.

Plaintiff was fifty-nine years old at the time of the administrative hearing. (Tr. 34.) She testified she is a college graduate, having earned a degree as a medical assistant. (35.) Ms. Jarrett has past relevant work as packing weigher, automotive services cashier, and receptionist. (Tr. 21.)

The ALJ[1] first found Ms. Jarrett had not engaged in substantial gainful since June 1, 2019 - the alleged onset date. (Tr. 16.) She has "severe" impairments in the form of degenerative disc disease of the lumbar spine and cervical spine, (*id.*), but none of her impairments or combination of impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 18.)

The ALJ determined Ms. Jarrett has the residual functional capacity to perform a reduced range of light work. (Tr. 18.) Given his residual functional capacity assessment, and with the aid of a vocational expert, (Tr. 53-57), the ALJ concluded Plaintiff could perform her past job of receptionist. (Tr. 21.) Accordingly, the ALJ determined Ms. Jarrett was not disabled. (Tr. 22.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

In support of the Complaint, Plaintiff argues that the ALJ failed to adequately evaluate her subjective symptoms. (Doc. No. 9 at 4-8.) She further argues, "A worker such as Ms. Jarrett diagnosed with chronic pain based on objective medical findings, receiving consistent treatment from a pain doctor, and taking prescription opiate drugs such as hydrocodone, would not be able to maintain the concentration to perform even semi-skilled work." (*Id.* at 7.)

As I have consistently held, second guessing an ALJ's subjective symptom evaluation is an agonizing task. The ALJ is in the best position to make such an evaluation. But here, Ms. Jarrett makes allegations of disabling back pain and I find there was insufficient consideration of the most recent x-rays and the recent examination notes from Plaintiff's treating doctor, Butchaiah Garlapati, M.D.

The ALJ acknowledges that Dr. Garlapati's examination reported "tenderness with palpitation throughout the record," and mentioned "She exhibited decreased and limited range of motion due to pain." (Tr. 19-20.) I assume the ALJ was referring to recent notes reporting "tenderness and tight muscle band" and that Ms. Jarrett's "[r]ange of motion is restricted bilateral lateral bending limited by pain." (Tr. Tr. 737, 743.) The ALJ addressed these limitations by reciting the fact she had been prescribed hydrocodone and had not been referred for surgical intervention. (Tr. 19-20.) But her March 12, 2021, x-rays corroborate her symptoms as they reported "moderate to severe degenerative disc disease at the L2-3 and L3-4 levels as before" and "moderate facet atrophy in the lower lumbar spine." (Tr. 630, 712.)

About the x-rays, the Commissioner argues, "In fact, a March 2021 lumbar imaging report described abnormal findings 'as before,' and identified the September 2019 imaging as a comparison." (Doc. No. 11 at 5.) The Commissioner makes a fair point. But the September 2019 x-rays only states, "Multilevel degenerative disc disease is present, most prominently at the L2-3

and L3-4 disc levels," (Tr. 377), while the more recent x-ray reports quantify Plaintiff's back abnormality as "moderate to severe." (Tr. 630, 712.)

Moreover, Jerry Thomas, M.D. - the doctor who the ALJ most heavily relied upon for his residual functional capacity assessment - noted Plaintiff's degenerative disc disease was "most prominent C4-7," (Tr. 71, 374), but appears to not have considered the additional lumbar spine radiographs that revealed, "Multilevel degenerative disc disease is present, most prominently at the L2-3 and L3-4 disc levels [with] Degenerative facet arthropathy [ ] seen at L4-5 and L5-S1." (Tr. 377-378.)  And, importantly, it does not appear Dr. Thomas or Brett Alberty, M.D., considered the most recent x-rays or Dr. Garlapati's most recent treatment notes. (Tr. 69-71, 80-82.)

Given Plaintiff's substantial medical history of back pain disorder – including corroborating diagnostic testing - I find the Commissioner committed reversible error by not fully considering all the relevant medical evidence against Ms. Jarrett's subjective symptoms.  On remand, the Commissioner should reevaluate Ms. Jarrett's subjective claims and, if appropriate obtain the necessary consultative medical examinations.  Further development of the record will allow for a more thorough understanding of Plaintiff's subjective symptoms and whether she is able to perform work at the light exertional level.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and any pending motions are rendered moot.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 1st day of April 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDG